# Exhibit A
# State-Court Documents

NO.  **19CI01939**     JEFFERSON CIRCUIT COURT
                       DIVISION _____

TENNA STONE                    )     PLAINTIFF
                               )
v.                             )
                     **COMPLAINT**
                               )
                               )
                               )
AETNA                          )
151 Farmington Ave.            )
Hartford CT 06156              )
Serve:                         )
Secretary of State             )
                               )
AETNA LIFE INSURANCE COMPANY   )     DEFENDANT
PO BOX 14578                   )
LEXINGTON KY 40512             )
                               )
                               )
SERVE:                         )
ANY OFFICER OR AGENT           )

    ***    ***    ***

  Comes the Plaintiff, TENNA STONE, by counsel, and for her cause of action against Defendant states as follows:

### PARTIES AND VENUE

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.
2. Defendant, Aetna Life Insurance Company (hereinafter "carrier" or "Defendant" or "Aetna") is a corporation doing business in the Commonwealth of Kentucky.
3. This is an action brought by a participant to recover short and long term disability benefits ("STD" and "LTD" respectively) due to her under the terms of an insurance plan governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance benefits.
4. This Court has jurisdiction pursuant to §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e).



## FACTS

5. Plaintiff was a full-time employee of employer ("employer") for a sufficient time period so as to be eligible for coverage under the terms of an insurance contract Claim # 13777891.
6. As a full time employee, Plaintiff was eligible for, and was participating in the short and long-term disability plan ("STD and "LTD" and"plan") offered by employer.
7. At all times relevant to this Complaint, the Plan was administered by Aetna and at all relevant times Aetna remained the so called "plan administrator".
8. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled.
9. Sadly in 2015 Plaintiff contracted breast cancer and had to undergo chemotherapy. The disease and treatment led to contraction of anxiety and depression.
10. Based on the foregoing diagnosis's, Plaintiff applied for and was approved for Short Term Disability benefits ("STD") by Aetna. She then applied for LTD. Aetna denied further coverage under the LTD review. Plaintiff appealed the LTD decision and was again denied. Said action on part of Plaintiff exhausts administrative remedies under the plan.
11. Aetna's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant Aetna fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians.
12. Aetna's in-house reviewing staff erroneously concluded that the Plaintiff was capable of returning to work and to work full time, as he did before the onset of her disability. Aetna refused to consider all of the Plaintiff's medical ailments and combined effect on her to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.
13. Aetna's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo.*
14. Aetna is legally unable to cancel Plaintiff's benefits based on even its own medical and vocational findings.
15. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.
16. Defendant Aetna's conclusions that Plaintiff is not totally disabled was arbitrary and capricious,

based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

17. At all relevant times Aetna was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits. Accordingly, the Plaintiff is entitled to discovery over and above that which is customarily permitted in cases litigated under the ERISA statute.

18. In accordance with the terms of the plan, the Plaintiff did apply for Social Security Disability benefits ("SSDI") from the Social Security Administration ("SSA").

19. If Defendant ignores the finding of SSA without adequate explanation, even though it is outside the administrative record, in its decision and thusly in violation of sixth circuit jurisprudence. Whitaker v. Hartford Life and Accident Co. 404 F.3d 947 (6th Cir. 2005).

20. Due to Defendant's actions Plaintiff is entitled to discovery exceeding standard ERISA protocol.

## COUNT 1
## DENIAL IS IN VIOLATION OF ERISA STATUTE

21. Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.

22. Defendant has wrongfully denied Plaintiff LTD benefits and has breached the terms of the Plan under the dictates of the ERISA statute.

23. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the terms of the contract of insurance.

WHEREFORE the Plaintiff prays as follows:

1. For payment of disability benefits due to her, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;

2. For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the terms of Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan;

3. For attorney's fees and expenses that Plaintiff has incurred for enforcing her contractual rights as well as her ERISA rights;

4. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage their termination of

benefits has caused respecting Plaintiff's credit history;

5. For her costs expended herein;
6. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

_____
ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Co-Counsel for Plaintiff
502-587-0228

robertfloriolaw@outlook.com